IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ADAMA NJIE, <br> R11748, <br>     Plaintiff, <br><br> vs. <br><br> ALEX JONES, <br> ANTHONY WILLS, <br> C/O LAUER, <br> JOHN DOE 2 CHAPLAIN, <br> SAMUEL STERRETT, <br> SLOAN. <br>     Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )    Case No. 22-cv-50-DWD <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

  Plaintiff Adama Njie, an inmate of the Illinois Department of Corrections (IDOC) currently detained at Menard Correctional Center (Menard), brings this civil rights action pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. §§ 2000cc-2000cc-5, (RLUIPA) for alleged refusals by defendants to allow him to practice his Rastafarian beliefs. (Doc. 1). Plaintiff seeks monetary compensation and other relief that this Court deems as proper.

  Plaintiff's Complaint (Doc. 1) is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon

which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff alleges that on February 11, 2020, he was transferred to Menard. Upon arrival he wrote a request slip to the chaplaincy department seeking accommodation of his Rastafarian ITAL diet. (Doc. 1 at 4). The chaplaincy department sent him a religious diet request form and a religious affiliation sincerity assessment form. On February 23, 2020, Plaintiff completed and returned the forms. He alleges that on February 25, 2020, Defendant Senior Chaplain denied his request for the diet because "IDOC does not offer an ITAL diet. This is no 'substantial burden.' A vegan religious diet would offer the least restrictive means of meeting the inmate's religious needs." (Doc. 1 at 5). Plaintiff attached a copy of the request form with the Senior Chaplain's response. (Doc. 1 at 13).

Plaintiff alleges that on March 2, 2020, he wrote a letter to then-warden, Defendant Alex Jones, asking for intervention because he was being harassed over his dreadlocks and because he was denied the ITAL diet. Plaintiff alleges that Jones retaliated for the letter by sending Defendant Lauer to his cell to photograph his dreadlocks. (Doc. 1 at 5). He alleges that both before and after the letter to Jones, officials were denying him yard and shower privileges because of the dreadlocks. Plaintiff claims the dreadlocks are a tenet of Rastafarian beliefs.

Plaintiff grieved his issues on March 5, 2020, and he alleges both the counselor and Defendant Jones denied his grievance as unsubstantiated by March 10, 2020. He appealed the outcome of the grievance, but the grievance counsel found it to be moot. He alleges that Defendant Wills signed the grievance without properly investigating it. (*Id.* at 6). He alleges he appealed to the Administrative Review Board (ARB) but got no response.

Plaintiff claims that the IDOC recognizes the Rastafarian ITAL diet, it is discussed in the chaplaincy handbook, and religious diets are also provided for in the Illinois Administrative Code (20 Ill. Admin. Code Ch. 1 § 425(d), § 435.70). (Doc. 1 at 7). On June 9, 2021, Plaintiff renewed his request for his religious ITAL diet, but Defendant Sterrett denied his request. Defendant Wills signed the form denying the diet.

On November 4, 2021, Plaintiff again requested paperwork from the chaplain to request a religious diet. He was again told such a diet was not offered in IDOC. Defendants Sterrett and Wills signed the denial of his diet.

Plaintiff alleges that IDOC does recognize the ITAL diet, but that defendants have just refused to accommodate his requests for it or to sell compatible items at the commissary. He claims that these actions violate Equal Protection because diets and commissary items are served for other groups, like kosher diet for Jewish inmates, a lacto-ovo diet for Muslim inmates, and a vegan diet for Hebrew Israelite inmates. (Doc. 1 at 8-9). Plaintiff argues that the Illinois Administrative Code provides for reasonable accommodations for religious beliefs and practices.

Plaintiff further alleges that the defendants have denied items that he ordered from outside vendors to use in observation of his religion. Specifically, he has been allowed a tam and a mediation rug, but they have denied two other tams, multi-colored meditation beads, and 2 kufi's.

As a result of the events, Plaintiff claims he has suffered from pain, mental anguish, and financial loss. He alleges that the conduct constitutes harassment, official misconduct, cruel and unusual punishment, retaliation, religious infringement, and a violation of RLUIPA. He also alleges violations of his First, Eighth, and Fourteenth Amendment rights.

The court designates the following Claims, based on the Complaint:

**Claim 1:** **RLUIPA claims concerning dreadlocks, religious items (beads, etc.) and the ITAL diet;**

**Claim 2:** **First Amendment claim against Defendants for refusal of the ITAL diet;**

**Claim 3:** **Equal Protection claim against Defendants for refusal of the ITAL diet despite other religions getting dietary accommodations;**

**Claim 4:** **First Amendment claim against Defendant Sterrett concerning denial of religious items (beads and kufi);**

**Claim 5:** **First Amendment retaliation claim against Defendants Jones and Lauer concerning request for diet and dreadlocks.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. Any claim that is mentioned in the Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under *Twombly*. See *Bell Atlantic Corp. v. Twombly*, 550 U.S.

544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face").

## Preliminary Dismissal

Plaintiff mentions the Eighth and Fourteenth Amendments in his factual narrative, but he does not have any factual allegations that align with these theories for relief. A bare legal assertion without any factual support is not sufficient to plead a claim. *See Twombly*, 550 U.S. at 570.

## Analysis

1. **RLUIPA claims**

Claim 1 may not proceed against any defendant because Plaintiff seeks only monetary relief. Under controlling precedent money damages are not available in suits against states or state employees under RLUIPA. *See, Vinning-El v. Evans*, 657 F.3d 591, 593 (7th Cir. 2011) (money damages are not available against state employees in their official or individual capacities under RLUIPA); *Sossaman v. Texas*, 563 U.S. 277 (2011). Accordingly, Claim 1 shall be dismissed.

2. **First Amendment ITAL diet claim**

Claim 2 may proceed against Defendants Jones, John Doe Senior Chaplain, and Sterrett because Plaintiff alleged that these individuals personally participated in refusing to serve him an ITAL diet after multiple proper requests. *See e.g. Njie v. Dorethy*, 766 Fed. Appx. 387, 392 (7th Cir. 2019) (fact issue precluded summary judgment on question of whether denial of ITAL diet substantially burdened plaintiff's religion). The claim will also be allowed to proceed against Wills at this early juncture because Plaintiff

alleges that Wills signed off on a grievance about his religious dietary needs without investigating the matter.

By contrast, Plaintiff will not be allowed to proceed with Claim 2 against Defendant Lauer because he does not allege that Lauer had anything to do with the rejection of his requests for an ITAL diet. Plaintiff's only allegation against Lauer is that he came to his cell and took pictures of his dreadlocks.

3. **Equal protection ITAL diet claim**

Claim 3 will proceed against Defendants Jones, Wills, John Doe Senior Chaplain and Sterrett for the same reasons as Claim 2.

4. **First Amendment religious materials claim**

Claim 4 will proceed against Defendant Sterrett because Plaintiff alleges that the chaplain denied him access to certain religious materials (beads and kufis), and he attached documentation showing that Sterrett was the chaplain who apparently denied these requests. By contrast, Claim 4 will not proceed against any of the other defendants because in his allegations concerning religious items Plaintiff either speaks of the chaplain department or he speaks of "defendants" generically. A generic assertion of "one or more defendants" is not sufficient to state a claim. *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009). Claim 4 will only proceed against Sterrett.

5. **First Amendment retaliation claim**

Claim 5 for retaliation against Defendants Jones and Lauer will be dismissed because the allegations are insufficient to state a claim. "First Amendment retaliation cases require the petitioner to show that the speech or activity was constitutionally

protected, a deprivation occurred to deter the protected speech or activity, and the speech or activity was at least a motivating factor in the decision to take retaliatory action." *Manuel v. Nalley*, 966 F.3d 678, 680 (7th Cir. 2020). The 'motivating factor' amounts to a causal link between the activity and the unlawful retaliation." *Id.* A plaintiff must plausibly allege a causal link between the protected act and the alleged retaliation. *See Roger Whitmore's Auto. Servs., Inc. v. Lake Cnty.*, 424 F.3d 659, 669 (7th Cir. 2005). "Both circumstantial evidence, like suspicious timing, ambiguous oral or written statements, or behavior or comments, and direct evidence, like near-admissions of retaliatory acts, may serve as proof of causation." *Pro's Sports Bar & Grill, Inc. v. City of Country Club Hills*, 2021 WL 4263475, at *5 (N.D. Ill. Sept. 20, 2021) (internal quotation marks and citation omitted). At the pleading stage, a plaintiff must present a retaliation story that "holds together." *See id.*

Plaintiff alleges that he wrote Jones a letter about issues with the ITAL diet and harassment for his dreadlocks. The Court will assume that writing this letter was protected speech. However, Plaintiff has not alleged a retaliatory action. At most Plaintiff alleges that one or two days after his letter Defendant Lauer was sent to his cell to photograph his dreads. Taking a photograph of Plaintiff is not a deprivation of a right,. Plaintiff further alleges that "prison officials" continued to deny him yard and showers and they talked about forcing him to take his dreadlocks out. Before Plaintiff wrote Jones, he alleged that he was being denied yard and showers, so any continued denial of the same has no clear motivating link to his letter to Jones. He also does not allege that he was ultimately forced to take his dreadlocks out. Ultimately, Plaintiff has not adequately

pled the components of a retaliation claim, because he has not alleged that as a result of protected speech he was made to suffer a deprivation sufficient to deter speech. He does not link his letter to Jones to any new deprivation, nor does he explain how the letter caused the deprivation to continue. Claim 5 will be dismissed.

## Disposition

**IT IS HEREBY ORDERED THAT Claims 1 and 5** shall be DISMISSED. **Claims 2 and 3** shall proceed against Defendants Jones, Wills, John Doe Senior Chaplain and Sterrett. **Claim 4** shall proceed against Sterrett. There are no remaining claims against Defendant Lauer, so the Clerk is **DIRECTED** to **TERMINATE** Lauer. The Clerk is **DIRECTED** to **ADD** the current Warden of Menard for the sole purpose of identifying the John Doe Senior Chaplain.

The Clerk of Court is **DIRECTED** to prepare for Defendants Jones, Wills, Sterrett and Warden of Menard (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to Defendants' place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merits Review Order.**

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change of address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for failure to prosecute. FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

Dated: April 1, 2022

/s  *David W. Dugan*

_____
DAVID W. DUGAN
United States District Judge

<u>Notice to Plaintiff</u>

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.

The Court wishes to remind the Plaintiff that litigation is often viewed a series of hurdles that the Plaintiff must clear to get to another hurdle. Initial screening is such a hurdle, but it is a very low one for the Plaintiff to clear.  As noted above, surviving initial screening only requires the bare statement of a claim that, if proven, could entitle Plaintiff to some relief. At trial, he will need to prove by a preponderance of evidence that the facts alleged actually occurred and that those facts satisfy the legal requirements for recovery. Trial is the highest and most difficult of hurdles for any Plaintiff to clear.